# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-cr-40061-JAR |
| MARCELO PARRA-OCMO, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

On September 19, 2011, Defendant Marcelo Parra-Ocmo pleaded guilty to one count of possession with intent to distribute marijuana plants, in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Defendant to a term of imprisonment of 36 months on November 11, 2011. This case now comes before the Court on Defendant's *pro se* motion titled "Request for Early Deportation by a Foreign Born Prisoner Pursuant to 8 U.S.C. § 1326" (Doc. 45). Based on the substance of his motion, the Court construes his motion as one under 8 U.S.C. § 1231(a)(4).[1]

In his motion, Defendant explains that he has served part of his term of imprisonment and asks the Court to issue an order transferring him to the custody and control of the United States Immigration and Naturalization Service for deportation before the end of his term of imprisonment. Only the Attorney General, however, and not the district court, has the authority to grant Defendant's request.[2] Under § 1231(a)(4), the

---

[1] Section 1326 deals with reentry of removed aliens although it cross references the section that allows the Attorney General to deport an alien before a sentence of imprisonment is completed. *See* 18 U.S.C. § 1231(a)(4) (formerly 18 U.S.C. § 1252(h)(2)).

[2] *See United States v. Pelliere*, No. 93-40003-03-SAC, 1996 WL 596742, at *2 (D. Kan. Sept. 16, 1996); *Lynch v. United States*, No. 07-CR-829 (DLI), 2009 WL 2045382, at *1 (E.D.N.Y. July 8, 2009).

> Attorney General is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense . . . and (II) the removal of the alien is appropriate and in the best interest of the United States.[3]

Thus, the Attorney General and not the district court has the discretion to grant Defendant early deportation if he meets the requirements of § 1231(a)(4)(B).[4] Furthermore, a defendant has no right to a private cause or claim to compel the Attorney General to act under § 1231(a)(4)(B) and deport or remove him before his term of imprisonment is completed.[5] As such, the Court cannot grant Defendant the relief he seeks and thus denies Defendant's request for early deportation.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Request for Early Deportation by a Foreign Born Prisoner pursuant to 8 U.S.C. § 1326 (Doc. 45) is DENIED.

**IT IS SO ORDERED**.

Dated: August 6, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[3] 8 U.S.C. § 1231(a)(4)(B).

[4] *See Pelliere*, 1996 WL 596742, at *2; *Lynch*, 2009 WL 2045382, at *1.

[5] 8 U.S.C. § 1231(a)(4)(D).